UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 25-10135-DMG (SSCx)** | Date | October 29, 2025 |
|---|---|---|---|
| Title | ***Hotel Revenue Resources, Inc. v. Shane V. Gartley*** | Page | 1 of 2 |

Present: The Honorable    **DOLLY M. GEE, CHIEF UNITED STATES DISTRICT JUDGE**

| DEREK DAVIS | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE REMANDED TO STATE COURT FOR LACK OF SUBJECT MATTER JURISDICTION**

    Defendant Shane V. Gartley removed this action to this Court on October 22, 2025, asserting the existence of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). [Doc. # 1 ("NOR").] Plaintiff Hotel Revenue Resources, Inc. ("HRR") filed its Complaint in Los Angeles County Superior Court alleging four causes of action against Gartley: (1) breach of contract, (2) intentional interference with economic relationships, (3) unfair business practices in violation of Cal. Bus. & Prof. Code sections 17200 *et seq.*, and (4) breach of fiduciary duty. [Doc. # 1-2 ("Compl.").] HRR alleges Gartley, a former officer and employee of HRR, signed and violated a Confidentiality and Nondisclosure Agreement ("NDA") by taking HRR's confidential and proprietary information. *Id.* at ¶¶ 6–24. With this information, HRR alleges Gartley started a corporation in competition with HRR and solicited HRR's customers to transfer their business to Gartley's corporation. *Id.* HRR requests compensatory damages, injunctive relief, restitution, and reasonable attorneys' fees and costs. Prayer for Relief at ¶¶ 1–6.

    If a complaint does not specify a particular amount of damages, then the removing defendant must show that the amount in controversy exceeds the jurisdictional threshold. *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). A district court "may 'require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335–36 (5th Cir. 1995)). "[A] defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." *Ibarra*, 775 F.3d at 1197.

    Gartley claims attorneys' fees and costs "coupled with" "alleged actual damages" would reach the requisite amount in controversy. NOR at ¶ 9. Gartley offers no estimate or evidence in support of what HRR's actual damages could be. *Id.* Moreover, Gartley's claim that HRR will bill at least 400 hours at $400 per hour is pure speculation. *Id.* Gartley's single citation to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 25-10135-DMG (SSCx) | Date | October 29, 2025 |
|---|---|---|---|
| Title | *Hotel Revenue Resources, Inc. v. Shane V. Gartley* | Page | 2 of 2 |

attorneys' fees and costs awarded in a completely different type of action (consumer anti-spam law) is inapplicable. *Id.* (citing *Balsam v. Trancos, Inc.*, 203 Cal. App. 4th 1083, 1104 (2012)).

      Accordingly, because it is not clear that the amount in controversy requirement has been satisfied, Gartley is hereby **ORDERED TO SHOW CAUSE** why this action should not be remanded to the Los Angeles County Superior Court for lack of subject matter jurisdiction. Gartley shall file a response by no later than **November 12, 2025**. **Failure to timely file a satisfactory response by this deadline will result in the remand of this action.** HRR may file a reply, if any, by **November 28, 2025. Each party's brief, exclusive of supporting declarations, shall not exceed 10 pages.**

**IT IS SO ORDERED.**